CORPORATIONS — ANNUAL FEE
Senate Bill 192 of the First Session of the Thirty-fourth Oklahoma Legislature (1973), amending 18 O.S. 1.17 [18-1.17] (1971), does not violate the Equal Protection Clause of the United States Constitution as being discriminatory against foreign corporations. The due date for the annual fee provided in the bill for foreign corporations presently qualified to do business in the State of Oklahoma is the effective date of the bill, to-wit: August 16, 1973. The due date for the annual fee provided in the bill for those foreign corporations qualifying to do business in Oklahoma subsequent to the effective date of the bill is the date said corporation qualifies to do such business in Oklahoma. The Attorney General has received your request for an opinion wherein you, in effect, ask the following questions regarding Senate Bill 192, First Session, Thirty-fourth Oklahoma Legislature (1973), amending 18 O.S. 1.17 [18-1.17] (1971): 1. Does the bill violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as being discriminatory against foreign corporations? 2. What is the due date for the annual fee provided in the bill for foreign corporations presently qualified to do business in the State of Oklahoma? 3. What is the due date for the annual fee provided in the bill for those foreign corporations qualifying to do business in Oklahoma subsequent to its effective date? Although corporations are as much entitled to equal protection of the law as natural persons, Lois K. Liggett Co. v. Lee, 53 S.Ct. 481, 288 U.S. 517,77 L.Ed. 929 (Fla. 1933), Liberty Nat. Life Ins. Co. v. Read,24 F. Supp. 103 (D.C. Okla. 1938), the courts have been reluctant to apply the Equal Protection Clause to discrimination between foreign and domestic corporations. The general rule has been stated that "legislative discrimination between foreign and domestic corporations is not forbidden by this clause if differences between such corporations have any rational relationship to legislative command." Metropolitan Casualty Insurance Company of New York v. Brownell, 55 S.Ct. 538, 294 U.S. 580,79 L.Ed. 1070, rehearing denied 55 S.Ct. 647,295 U.S. 767, 79 L.Ed. 1708 (Ind. 1936). The courts have held that the states have expansive powers to determine the right and condition of foreign corporations doing business within their boundaries. In Lincoln Nat. Life Ins. Co. v. Read, 65 S.Ct. 1220, 326 U.S. 673, 89 L.Ed. 1861 (Okl. 1945), the court held that a state may impose more onerous conditions on a foreign corporation for the privilege of doing business within the state than it imposes on domestic corporations. See also Williams v. Standard Oil Co. of Louisiana, 49 S.Ct. 115, 278 U.S. 235, 73 L.Ed. 287
(Tenn. 1929). For the Legislature to enact legislation requiring a fee from foreign corporations for services to be rendered to them by the Secretary of State, which services are not to be rendered to domestic corporations, is a reasonable and rational legislature prerogative. In response to your second question, the annual fee for those foreign corporations which are qualified to do business in this state on the effective date of the act will be due on that date, i.e., August 16, 1973. This conclusion is reached through a plain reading of the statute, and also through the legislative intent set forth in Section J requiring compliance with the act by every foreign corporation within ninety days after its effective date. Any other result would render said Section J a nullity as there is no other mandatory provision in the act requiring compliance by the corporation other than filing the $40 fee. In Horack, Sutherland Statutory Construction (3rd Ed.), 4705, appears the following language: "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." It is assumed that the Legislature intended Section J to be meaningful, i.e., to require foreign corporations to perform some action within ninety days of the effective date of the act. This action can only refer to the payment of the $40 as there is no other activity incumbent on these corporations set forth in the act. In your third question you ask when the annual fee would become due for those foreign corporations qualified to do business in Oklahoma subsequent to the effective date of the act. It is apparent that this fee would become due and owing on the date that said corporation qualifies to do business in Oklahoma. This result is compatible to that reached regarding your second question, in that it requires those foreign corporations doing business in Oklahoma for less than a full fiscal year when they first qualify to do such business, to pay the full $40 fee. Any other result would unnecessarily discriminate between presently qualified corporations and those qualifying subsequent to the effective date of the bill. In addition, a plain reading of the bill would indicate a legislative intent that the $40 be a flat yearly fee, not subject to being prorated according to the number of months, weeks, days, etc., that the corporation actually was qualified during such a year. It is, therefore, the opinion of the Attorney General that your questions regarding Senate Bill 192 of the First Session of the Thirty-fourth Oklahoma Legislature (1973), amending 18 O.S. 1.17 [18-1.17] (1971), be answered as follows: (1) The bill does not violate the Equal Protection Clause of the United States Constitution as being discriminatory against foreign corporations. (2) The due date for the annual fee provided in the bill for foreign corporations presently qualified to do business in the State of Oklahoma is the effective date of the bill, to-wit: August 16, 1973. (3) The due date for the annual fee provided in the bill for those foreign corporations qualifying to do business in Oklahoma subsequent to the effective date of the bill is the date said corporation qualifies to do such business in Oklahoma. (James R. Barnett)